■ THE PEOPLE OF THE STATE OF NEW YORK, Respondents, v. JOHN ELMER WINNIE, Appellant.— This appeal from a judgment of conviction in the Albany County Court raises three points as the basis for a reversal, (1) the admission of a confession into evidence; (2) failure of proof beyond a reasonable doubt and (3) inflammatory remarks by the District Attorney. The defendant was indicted for burglary in the third degree and attempting to commit robbery in the first degree. The confession here questioned as being a denial of due process and obtained by force and duress was taken by members of the police department after the arrest of the defendant and before his arraignment. The crime happened at about 3:00 A.M. on July 14, 1959 at a parking lot in the City of Albany when a booth was broken into and the night watchman was assaulted in an attempt to commit robbery. Withing a relatively short time the defendant was apprehended, taken to a hospital for the purpose of identification by the night watchman and then to a police precinct, arriving there some time after 4:00 A.M. The confession was made prior to his arraignment in the police court later the same morning. The defendant contended at the trial that the confession was obtained as the result of threats and physical

beatings. Photographs taken of him the same morning reveal no signs or marks of physical assault. The issue presented was tried with testimony pro and con as to threats inducing fear and use of physical force. A clear and concise statement was made by the court at the time of the admission of the confession that it was an issue of fact to be determined by the jury as to whether it was voluntary. Thereafter the legal principles as to the admission of such a confession were contained in the charge of the court to the jury. Thus, the voluntary nature of the confession was factually submitted to the jury and its finding thereon contained in the "guilty" verdict is conclusive. Secondly, it is argued that there was a failure of proof beyond a reasonable doubt. Supplementing the confession there was proof of identification of the defendant and of his presence in the locality at about the time of the commission of the crime together with other evidence, the accumulation of which was sufficient to meet the requirements of the rule applicable in criminal trials. Lastly, the defendant charges the remarks of the District Attorney in his summation were inflammatory. The characterization of the defendant as a "hoodlum", while perhaps better unsaid, was not harmful. The other aspect of this point concerns reference to exhibits offered in evidence and the hope expressed by the District Attorney that there would be no objection by the defendant or his counsel to the exhibits being taken to the jury room. At the time of this trial, section 425 of the Code of Criminal Procedure (since amended) required the consent of the defendant before the exhibits could go to the jury room. Ordinarily, such a remark would be considered highly prejudicial but the happening of subsequent events in this case overcome the remarks made by the District Attorney. The court in its charge properly made no reference to the requirements as to the exhibits and no request to charge was made by counsel. After the jury had deliberated for some time, a request was made for the exhibits. In chambers, with the defendant present, the court advised that if objection were made to the exhibits going to the jury he would "merely state to the jury that the court will not direct the exhibits to go to the jury". Thereupon the defendant and his counsel, without objection, consented that the exhibits be given to the jury. Under these circumstances, it appears that the remarks made in summation by the District Attorney formulated no basis for an objection on this appeal. From a reading of the record we are satisfied that the defendant had a fair trial and that the judgment of conviction should be affirmed. Judgment of conviction unanimously affirmed. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.